AES:LKG/AS
F. #2020R00623

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 13 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CHRISTOPHER CHIERCHIO,
JASON KURLAND
    also known as "Jay,"
FRANGESCO RUSSO,
    also known as "Frankie," and
FRANCIS SMOOKLER,
    also known as "Frank,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 20 306**

(T. 18, U.S.C., §§ 892, 894, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1346, 1349, 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

**GARAUFIS, J.**

**LEVY, M.J.**

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Commit Wire Fraud)

1. On or about and between April 12, 2019 and August 13, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER CHIERCHIO, JASON KURLAND, also known as "Jay," FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Lottery Victim 1, Lottery Victim 2 and Lottery Victim 3 (collectively, the "Lottery Victims"), individuals whose identities are known to the Grand Jury, and to obtain money and property from the Lottery Victims by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose

of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: wire transfers, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH SEVEN
(Wire Fraud)

2. On or about the dates identified in the table below, within the Eastern District of New York and elsewhere, the defendants identified in the table below, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Lottery Victims, and to obtain money and property from the Lottery Victims by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds as set forth below:

| Count | Approximate Date of Wire Transmission | Approximate Amount and Details of Wire Transmission | Defendants |
|---|---|---|---|
| TWO | April 12, 2019 | $12,600,000 wire transfer from Lottery Victim 3's account at Bank 1, the identity of which is known to the Grand Jury, to a RUSSO- and SMOOKLER-controlled account at Bank 2, the identity of which is known to the Grand Jury. | JASON KURLAND, FRANGESCO RUSSO and FRANCIS SMOOKLER |

| Count | Approximate Date of Wire Transmission | Approximate Amount and Details of Wire Transmission | Defendants |
|---|---|---|---|
| THREE | April 12, 2019 | $5,000,000 wire transfer from Lottery Victim 1's account at Bank 3, the identity of which is known to the Grand Jury, to a RUSSO- and SMOOKLER-controlled account at Bank 2. | JASON KURLAND, FRANGESCO RUSSO and FRANCIS SMOOKLER |
| FOUR | May 29, 2019 | $1,000,000 wire transfer from Lottery Victim 3's account at Bank 1 to a RUSSO- and SMOOKLER-controlled account at Bank 2. | JASON KURLAND, FRANGESCO RUSSO and FRANCIS SMOOKLER |
| FIVE | October 31, 2019 | $5,000,000 wire transfer from Lottery Victim 2's account at Bank 4, the identity of which is known to the Grand Jury, to a RUSSO- and SMOOKLER-controlled account at Bank 2. | JASON KURLAND, FRANGESCO RUSSO and FRANCIS SMOOKLER |
| SIX | April 23, 2020 | $19,500,000 wire transfer from Lottery Victim 3's account at Bank 1 to a RUSSO- and SMOOKLER-controlled account at Bank 5, the identity of which is known to the Grand Jury. | CHRISTOPHER CHIERCHIO, JASON KURLAND, FRANGESCO RUSSO and FRANCIS SMOOKLER |
| SEVEN | April 29, 2020 | $2,500,000 wire transfer from Lottery Victim 2's account at Bank 4 to a RUSSO- and SMOOKLER-controlled account at Bank 5. | CHRISTOPHER CHIERCHIO, FRANGESCO RUSSO and FRANCIS SMOOKLER |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS EIGHT THROUGH FIFTEEN
(Honest Services Wire Fraud)

3.  On or about and between October 1, 2018 and October 31, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JASON KURLAND, also known as "Jay," together with others, having devised and intending to devise a scheme and artifice to defraud, including to deprive the Lottery Victims of their respective intangible rights to the honest services of KURLAND, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, to wit: KURLAND, owing a duty of honest services to the Lottery Victims, engaged in a scheme to obtain payments for himself from others in exchange for persuading the Lottery Victims to make investments in certain entities, without the approval and knowledge of the Lottery Victims, and used and caused the use of interstate communications to effect the scheme, as set forth below:

| Count | Approximate Dates of Wire Transmissions | Approximate Amount and Details of Wire Transmission |
|---|---|---|
| EIGHT | October 1, 2018 | $5,000,000 wire transfer from Lottery Victim 1's account at Bank 4 to a RUSSO-, SMOOKLER- and KURLAND-controlled account at Bank 5. |
| NINE | October 17, 2018 | $2,000,000 wire transfer from Lottery Victim 1's account at Bank 4 to a RUSSO- and SMOOKLER-controlled account at Bank 2. |
| TEN | January 2, 2019 | $5,000,000 wire transfer from Lottery Victim 1's account at Bank 4 to a RUSSO-, SMOOKLER- and KURLAND-controlled account at Bank 5. |
| ELEVEN | March 6, 2019 | $20,000,000 wire transfer from Lottery Victim 3's account at Bank 1 to a |

| Count | Approximate Dates of Wire Transmissions | Approximate Amount and Details of Wire Transmission |
|---|---|---|
| | | RUSSO- and SMOOKLER-controlled account at Bank 2. |
| TWELVE | March 6, 2019 | $10,000,000 wire transfer from Lottery Victim 3's account at Bank 1 to a RUSSO-, SMOOKLER- and KURLAND-controlled account at Bank 5. |
| THIRTEEN | April 12, 2019 | $12,600,000 wire transfer from Lottery Victim 3's account at Bank 1 to a RUSSO- and SMOOKLER-controlled account at Bank 2. |
| FOURTEEN | April 12, 2019 | $5,000,000 wire transfer from Lottery Victim 1's account at Bank 3 to a RUSSO- and SMOOKLER-controlled account at Bank 2. |
| FIFTEEN | October 31, 2019 | $5,000,000 wire transfer from Lottery Victim 2's account at Bank 4 to a RUSSO- and SMOOKLER-controlled account at Bank 2. |

(Title 18, United States Code, Sections 1343, 1346 and 3551 et seq.)

COUNT SIXTEEN
(Conspiracy to Commit Money Laundering)

4. On or about and between April 12, 2019 and August 13, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER CHIERCHIO, JASON KURLAND, also known as "Jay," FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally conspire to:

(a) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, to wit: interstate transfers of funds, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343 (the "Specified Unlawful

Activity"), knowing that the property to be involved in the financial transactions represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of the Specified Unlawful Activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, to wit: interstate transfers of funds, which transactions in fact involved the proceeds of the Specified Unlawful Activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the Specified Unlawful Activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT SEVENTEEN
(Money Laundering)

5. On or about and between April 12, 2019 and August 13, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER CHIERCHIO, JASON KURLAND, also known as "Jay," FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally:

(a) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, to wit: interstate transfers of funds, which transactions in fact involved the proceeds of the Specified Unlawful Activity, knowing that

the property to be involved in the financial transactions represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of the Specified Unlawful Activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) conduct one or more financial transactions affecting interstate and foreign commerce, to wit: interstate transfers of funds, which transactions in fact involved the proceeds of the Specified Unlawful Activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the Specified Unlawful Activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Conspiracy to Commit Extortionate Extension of Credit)

6.  On or about and between March 6, 2020 and May 27, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally conspire to participate in one or more extortionate extensions of credit to John Doe 1, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 892 and 3551 et seq.)

### COUNT NINETEEN
(Extortionate Extension of Credit)

7. On or about and between March 6, 2020 and May 27, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally make one or more extortionate extensions of credit to John Doe 1.

(Title 18, United States Code, Sections 892, 2 and 3551 et seq.)

### COUNT TWENTY
(Conspiracy to Commit Extortionate Collection of Credit)

8. On or about and between March 6, 2020 and May 27, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe 1, and to punish John Doe 1 for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 et seq.)

### COUNT TWENTY-ONE
(Extortionate Collection of Credit)

9. On or about and between March 6, 2020 and May 27, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank," together with others, did knowingly and intentionally participate in

9

the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe 1, and to punish John Doe 1 for the nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS
ONE THROUGH FIFTEEN AND EIGHTEEN THROUGH TWENTY-ONE

10. The United States hereby gives notice to the defendants charged in Counts One through Fifteen and Eighteen through Twenty-One that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, including but not limited to: (a) all right, title and interest in the real property and premises located at 1173 Pine Valley Road, Oyster Bay, New York 11771; (b) all right, title and interest in the real property and premises located at 720 Motts Cove Road N, Roslyn Harbor, New York 11576; and (c) all right, title and interest in the real property and premises located at 2270 Bayview Lane, North Miami, Florida 33181.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SIXTEEN AND SEVENTEEN

12.    The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Sixteen and Seventeen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, including but not limited to: (a) all right, title and interest in the real property and premises located at 1173 Pine Valley Road, Oyster Bay, New York 11771; (b) all right, title and interest in the real property and premises located at 720 Motts Cove Road N, Roslyn Harbor, New York 11576; and (c) all right, title and interest in the real property and premises located at 2270 Bayview Lane, North Miami, Florida 33181.

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DUCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00623

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

CHRISTOPHER CHIERCHIO, JASON KURLAND, also known as "Jay," FRANGESCO RUSSO, also known as "Frankie," and FRANCIS SMOOKLER, also known as "Frank,"

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 892, 894, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1346, 1349, 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h), 2 and 3551 <u>et seq</u>.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*Andrey Spektor and Lindsay K. Gerdes, Assistant U.S. Attorneys*
*(718) 254-6475/6155*